## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MONICA LYNN** | § | |
| **MacCONNELL McREYNOLDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00194-O-BP** |
| | § | |
| **BELL TEXTRON, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Dismiss with Brief in Support filed by Defendant Bell Textron, Inc. ("Bell") (ECF Nos. 51, 52), Motion to Reject/Deny the Defendant's Motion to Dismiss filed by Plaintiff Monica McReynolds ("McReynolds") (ECF No. 35), and McReynolds's Amended Brief and Response to Bell's Motion to Dismiss (ECF No. 72). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Bell's Motion to Dismiss (ECF No. 51) and **DISMISS WITH PREJUDICE** McReynolds's claims under The Uniform Services Employment and Reemployment Rights Act of 1994, and her state law personal injury, defamation, and emotional distress claims.

## I.     BACKGROUND

Bell fired McReynolds in June 2021. ECF No. 7 at 4. McReynolds says that her firing was retaliatory because she repeatedly complained to Bell's human resources department about an "uncomfortable work environment." *Id.* at 10. Bell rejects that claim, pointing instead to McReynolds's disciplinary history and a record of unsatisfactory performance that caused it to place her on a Performance Improvement Plan ("PIP"). ECF No. 15 at 2.

McReynolds argues that she was subjected to "discrimination and unprofessionalism" throughout her time with Bell, most pressingly from an individual named Rick Mullen. *See* ECF No. 7 at 2-3. Although it is unclear what Mullen or other of Bell's agents initially did to cause McReynolds's discomfort, she reported instances of "discrimination, retaliation, and continued unprofessional sexual harassment requests" to human resources. *Id.* at 2. Once, McReynolds overheard Mullen "discussing details of where [she] lived, causing further concern." *Id.* at 3. An uneasy McReynolds then sought a protective order with local law enforcement, but allegedly was told that an order could not issue "until something more happened." *Id.* at 3-4.

Problems with Mullen aside, McReynolds alleges that she suffered retaliation, discrimination, personal injury, "malice defamation per se," and "termination for . . . refusing to perform an illegal act." *Id*. Proceeding *pro se*, McReynolds sued Bell in March 2022. ECF No. 1. She filed an Amended Complaint on April 5, 2022, asserting separate claims for wrongful termination, emotional distress, defamation, personal injury, discrimination, and retaliation. *See* ECF No. 7 at 1. Bell moved to dismiss McReynolds's lawsuit under Federal Rule of Civil Procedure 12(b)(6) on June 6. *See* ECF Nos. 14, 15. McReynolds did not respond to Bell's Motion, but rather filed a Motion for Default Judgment on June 9 and a "Request for Final Judgment" on June 13. *See* ECF Nos. 18, 19.

Despite the issues raised in Bell's Motion to Dismiss, the undersigned concluded in an order dated July 21, 2022 that McReynolds had not pleaded her best case and should be permitted to "file an amended complaint consistent with the concluding paragraph of the [undersigned's] Findings, Conclusions, and Recommendation" on or before August 4, 2022. ECF No. 28. McReynolds then filed a second amended complaint, and Bell filed another Motion to Dismiss with Brief in Support. ECF Nos. 29, 31-32, respectively. McReynolds also completed the court-

ordered questionnaire and provided additional information related specifically to her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 39.

The Court refers to McReynolds's amended complaint as the "complaint" and the second amended complaint as the "amended complaint."

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

### B.      38 U.S.C. § 4311 Standard

The Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA") prohibits employment discrimination based on veteran status. *See* 38 U.S.C. § 4301-4335. "A USERRA claim requires a plaintiff to prove that her 'membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's [adverse employment] action.'" *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 547 (5th Cir. 2013) (quoting 38 U.S.C. § 4311(c)(1)). "A motivating factor means the employer, in taking the action against the employee, relied upon, took into account, considered, or conditioned its decision on [the employee's] military-related [status or obligation]." *Snowman v. IMCO Recycling, Inc.*, 347 F. Supp. 2d 338, 343 (N.D. Tex. 2004) (To state a viable USERRA claim, the "motivating factor" must be evident on the face of the pleadings in "an initial showing by the employee.") *Id*. at 342-43.

4

C.    **Dismissal With or Without Prejudice**

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss an action with prejudice without affording the plaintiff the chance to amend where the court invited the plaintiff to respond to the motion to dismiss, but she failed to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference [s]he is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-*3 (N.D. Tex. 2001).

III.    **ANALYSIS**

Because McReynolds appears *pro se*, the undersigned liberally construed her pleadings. *See Sama v. Hannigan*, 669 F.3d 585, 599 (5th Cir. 2012) (citing *Perez v. United States*, 312 F.3d

191, 194-95 (5th Cir. 2012)). Thus, no matter how "inartfully pleaded" her amended complaint may be, the undersigned held it to "less stringent standards" than lawyer-drafted pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Applying those standards, the Court concludes that McReynolds has not stated a legally cognizable claim under USERRA. As a result, Judge O'Connor should dismiss her claims under those statutory provisions as provided in Rule 12(b)(6). Further, he should grant Defendant's Motion on her remaining state-law claims.

### A.   McReynolds fails to state a claim for discrimination based on her protected veteran status.

Although McReynolds asserts discrimination based on her status as a "Female OEF Veteran," *see* ECF No. 7 at 8, veteran status is not a protected class under Title VII or Chapter 21. *See* 42 U.S.C. § 2000e-2(a) (prohibiting discrimination based on "race, color, religion, sex, or national origin"); Tex. Lab. Code Ann. § 21.051 (prohibiting discrimination based on "race, color, disability, religion, sex, national origin, or age"). Accordingly, while the amended complaint does not specifically reference USERRA, the undersigned liberally construes it to attempt to state a claim under 38 U.S.C. § 4311.

To plead a proper § 4311 claim, McReynolds must state facts showing that her veteran status was a "motivating factor" in the adverse employment action. *Snowman*, 347 F. Supp. 2d at 342-43. She makes no such showing in her amended complaint. McReynolds's claim rests on the conclusory statement that "[a] harmful act occurred." *Id.* However, a "defendant-wronged-me" allegation cannot survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (noting "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Without any additional facts to show that her status as a veteran was a motivating factor in her dismissal, McReynolds has not properly

6

pleaded a claim under § 4311, and Judge O'Connor should dismiss her claim. *See Bradberry*, 732 F.3d at 547.

The undersigned recommends that dismissal of this claim should be with prejudice because McReynolds has pleaded her best case after filing an original and two amended complaints. The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). However, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make h[er] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir. 1986); *Schiller,* 342 F.3d at 563. The undersigned concludes that allowing McReynolds a fourth chance to plead discrimination based on a veteran status would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile.

## B.    The Court should grant Bell's Motion to Dismiss McReynolds's personal injury, defamation, and emotional distress claims.

McReynolds reiterates in her amended complaint vague allegations of personal injury, defamation, and emotional distress against Bell, based on the same set of facts underlying her Title VII claims. ECF No. 29 at 19.

### 1.    McReynolds's personal injury and defamation claims arise from the same set of facts as her Title VII claims.

McReynolds argues that the harassment she suffered at work, Bell's retaliation for reporting the alleged conduct, and the resulting hostile work environment have impacted and

damaged her psychological wellbeing. ECF No. 72 at 14. Bell contends that these allegations duplicate the same facts and reiterate the same theory as her discrimination claims. ECF No. 52 at 7; *Johnson v. Blue Cross/Blue Shield,* 375 F. Supp. 2d 545, 549 (N.D. Tex. 2005) (The 'gravamen' of the plaintiff's Complaint is 'the very type of wrong the statutory remedy' provided by Title VII and the ADEA were meant to provide). The same facts supporting McReynolds's discrimination and retaliation claims underlie her personal injury claim. Because this claim duplicates her employment discrimination claim, and the employment claim preempts her personal injury claim, the Court should dismiss it. See *Butler v. Collins*, No. 3:18-CV-37-L, 2019 WL 13031414, at *3 (N.D. Tex. Mar. 31, 2019) ("Plaintiff's defamation and fraud claims are preempted by the TCHRA, as the gravamen of these claims is, as Defendants argue, for unlawful employment discrimination and retaliation, wrongs that the TCHRA is specifically designed to address.").

Similarly, the Court should dismiss McReynolds's defamation claim. McReynolds alleges that Bell failed to give her a reason for her termination and then defamed her though statements to the Texas Workforce Commission ("TWC") during its investigation that caused harm to her professional reputation. ECF Nos. 29 at 7, 72 at 13-14. Bell argues that McReynolds's Title VII claim preempts her defamation claim. ECF No. 52 at 5. Further, even if this claim is not found to be duplicative, Bell asserts that it has a qualified privilege that attaches to communications made during McReynolds's termination investigation. *Id.* at 5-6.

Like her personal injury claims, McReynolds's defamation claims arise from the same facts as her Title VII claims and should be dismissed. *Butler,* 2019 WL 13031414, at *3. Moreover, any statements that Bell made to the TWC related to McReynolds's employment are privileged and cannot form the basis of a defamation action. *Chamblee v. Miss. Farm Bureau Federation,* 551 F. App'x 757 (5th Cir. 2014); *Henriquez v. Cemex Mgmt., Inc.,* 177 S.W.3d 241, 252 (Tex. App.-- Houston [1st Dist.] 2005, pet denied).

8

**2.    McReynolds's emotional distress claim fails as a matter of law.**

Intentional infliction of emotional distress is a "gap filler" tort available only when there is no other recognized theory or redress, even if emotional distress results from the underlying actions. *Miller v. Target Corporation,* 854 F. App'x 567, 569 (5th Cir. 2021); *Hoffman-La Roche, Inc., v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004). McReynolds argues the same facts that she alleged in her Title VII claim to seek recovery for intentional infliction of severe emotional distress. ECF No. 72 at 11, 14-15. Bell argues that this claim fails because the remedies available under Title VII subsume McReynolds's claim for emotional distress. ECF No. 52 at 8. Because McReynolds has pleaded a recognized theory of relief under Title VII, the Court must dismiss her claim for tortious infliction of emotional distress.

## IV.    CONCLUSION

Despite defects in McReynolds's amended complaint as they relate to a claim under USERRA, McReynolds has now pleaded her best case against Bell, and further amendment would be futile. McReynolds has alleged claims against Bell for employment discrimination, retaliation, and harassment under Title VII and Chapter 21. The same facts underlying these claims form the basis for her personal injury, defamation, and emotional distress claims. Her employment discrimination claims preempt the state-law tort claims. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Bell's Motions to Dismiss (ECF No. 51) and **DISMISS WITH PREJUDICE** McReynolds's claims under USERRA and her state-law claims for personal injury, defamation, and emotional distress.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

9

identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 2, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE